## OSGOOD v. OGDEN.

### December, 1868.

A receiver of an insolvent corporation, suing for the benefit of its creditors, on a cause of action on which the company itself could not have sued,—e. g., to set aside a transfer, or recover back payments, made by the corporation in fraud of creditors—represents the creditors, not the corporation; and the defendants cannot interpose as a set-off a claim against the corporation.

In the action entitled Osgood v. Laytin, last above reported, David Ogden, one of the defendants, answered the complaint, denying knowledge or information sufficient to form a belief as to the payment of dividends, during insolvency, or out of the capital; and as a further defense, alleged that the company were indebted to him in about fifteen hundred dollars, for a balance due upon a policy of insurance and for return premiums. The loss on the policy occurred before the receivers were appointed, though the proofs of loss were not completed until after their appointment. For the amount of this demand, defendant Ogden claimed judgment against the plaintiffs as receivers, or for so much thereof as he might be entitled to over and above plaintiffs' claim.

*The referee* to whom the cause was referred was of opinion that this claim was not admissible as an offset to the demands in suit, because, while the receiver represents both the creditors and the corporation, he is peculiarly the trustee of the creditors (3 *Wend.* 13), and, as the acts for which the receiver sought to recover were both *mala prohibita* and constructive frauds upon creditors, the reparation sought was in the right of the creditors, and not in that of the company or the stockholders.

Hence, although the fact that the plaintiffs' claim was founded on a tort, would not necessarily prevent the allowance of an equitable off-set, where the cross-claims were such as could be properly disposed of in the same action, yet the defendants' claims in this case grew out of independent transactions, and were not due and payable in the same right.

. *The supreme court* affirmed judgment for the plaintiffs, entered on this report, and the defendant Ogden appealed.

*Elbridge T. Gerry,* for defendant, appellant.—That it was error to regard the action as a statutory proceeding to recover a dividend fraudulently paid;—cited *Osgood v. Laytin,* above. That the rules of equity allow a set-off here, independent of statute, and on the principles of the civil law. 11 *Ves. Jr.* 26; 4 *Burr.* 2, 220; *Barb. on Set-off,* 18; *Adams Equity,* 222; 9 *Hare,* 116; 4 *Anne,* c. 17, § 13; 11 *Stat. at L.* 166; 3 *Johns. Ch.* 359; *Ambl.* 407; 1 *Atk.* 228; 1 *Mod.* 215; 10 *Johns.* 509; 3 *Zab.* 283; 34 *N. Y.* 44; 4 *Sandf.* 416; 1 *Paige,* 112; 3 *Kern.* 248. That the receiver not only represents the creditors, but also the company itself, and therefore the set-off must be allowed. 1 *Paige,* 112, 444; *Edwards on Receivers ; Bennett on Receivers ;* 2 *Ball & B.* 55; 2 *Swanst.* 118; 15 *N. Y.* 1; 2 *R. S.* 40, 496; *Smith on Receivers.* This right of action, although exercised by the receivers, belongs to the corporation. 18 *Johns.* 485; 4 *Edwards Ch.* 134. And an express statute in this case authorizes the set-off. 2 *R. S.* 354, § 12, subd. 10; 6 *Barb.* 672; 2 *Eds. Ch.* 622. The claims are due and payable in the same right. 2 *R. S.* 47, § 36; *Id.* 355, § 15; 37 *Barb.* 228; 3 *Johns. Ch.* 569; 4 *Id.* 111; 36 *N. Y.* 348; 6 *Paige,* 220; 1 *Id.* 585. The statute (*L.* 1849, c. 308, § 20, amended by *L.* 1867, c. 38, § 1), confers the right of action on the creditors only, and is to be strictly construed; and in an action by creditors, every equitable set-off will be available. 1 *Abb. Pr.* 286. And by the appointment of the receiver, the right to sue under this statute ceased; and under the other statutes the right of set-off is preserved in actions brought by receivers. 2 *R. S.* 254, § 412, subd. 10.

*Thomas G. Shearman,* for plaintiffs, respondents.

Osgood *v.* Ogden.

BY THE COURT.—BACON, J.—The case of Osgood *v.* Laytin,* decided by this court in June, 1867, disposed of all questions touching the form of this action, the proper parties to it, and the necessary allegations to sustain the cause of action. The liability of the defendant to refund the sum which he had wrongfully received as a stockholder in the Columbian Insurance Company, was also determined in that case. The liability thus incurred by the defendant was one which, by the statute, accrued to the benefit of the creditors of the insurance company unlawfully declaring and paying the dividend; but inasmuch as it was to the creditors generally, and not to individual creditors, it was further held, that no one individual creditor could maintain an action against an individual stockholder for the money thus illegally distributed to him, and that the action should be commenced by some party representing all the creditors. Several creditors who had commenced suits to recover the money thus improperly paid and received, were accordingly restrained by injunction from any further proceeding, and this suit was thereupon further prosecuted; and the only question which now arises, and is presented for adjudication, is the question of set-off or counter-claim set up in the answer of the defendant.

There are two items of set-off which the defendant claims to have allowed. The first is the sum of one hundred and thirty-five dollars and nineteen cents, consisting of return premiums due to the defendant from the Columbian Insurance Company, and the other is the sum of one thousand three hundred and ninety-one dollars and ten cents, arising out of a claim against the company for a loss upon the ship Dreadnought, insured by the company, but where the proofs were not made, nor did the liability to pay occur until after the insolvency of the company had been declared, and receivers of its effects had been appointed. The referee held and decided, as matter of law, that neither of these claims constituted any defense to the claim of the plaintiff in the action, either by way of set-off, counter-claim or otherwise, and he consequently disallowed them, and rendered judgment for the sum demanded in the complaint.

---

* Reported at p. 418 of this volume.

I think the conclusion of the referee is right, and substantially upon the ground indicated in his opinion, accompan'ying the report, that the claims set up on behalf of the defendant, are not claims against the receivers in the capacity in which they bring this action. The counsel for the defendant invokes in his behalf the doctrine of equitable set-off, which exists where a party prosecuted has a claim, not, indeed, personally against the party prosecuting, but against another party, who is represented by the plaintiff in the suit, and who obtains his right to appear as plaintiff, either by voluntary appointment on the order of some court representing such party, as trustee, assignee, or in some other capacity. In such cases it is well settled that a set-off will be allowed. In the old court of chancery it was determined that the trustees of an insolvent corporation had all the rights which were vested in the corporation at the moment of its dissolution, and any defense could be made by a defendant to an action by the trustees, which could have been made to a suit brought against him by the corporation had it continued in existence; and therefore in respect to a set-off there was no doubt of his equitable right to be allowed for any demands which he had against the corporation at the time of its dissolution. McLaren v. Pennington, 1 *Paige,* 102.

Indeed, the provision of the statute in relation to set-offs, is sufficiently broad to permit a defendant to avail himself of such a claim by way of set-off. For it is provided (2 *R. S.* 354, § 39, subd. 10), that if the plaintiff be a trustee of any other, or if the suit be in the name of a plaintiff who has no real interest in the contract on which the suit is founded, so much of a demand existing against those whom the plaintiff represents, or for whose benefit the action is brought, may be set off, as will satisfy the plaintiff's debt, if the same might have been set off in an action brought by those beneficially interested.

All this being conceded, and the rule established by the statute being recognized, the inquiry still remains,—whom do the plaintiffs represent in this suit, and for whose benefit, and on whose behalf is this action prosecuted, and the recovery sought?

The answer to this question is, I think, very manifest, to wit, that in this suit, *quoad* the parties and the subject matter of it, they represent the creditors of the insolvent corporation and not the corporation itself. It is clear, and is well established by the authorities, that receivers have, so to speak, a double character, and while in some aspects, and as respects certain interests, they represent solely the corporation in whose legal shoes they stand, as to others they represent the creditors, and them alone. Thus in Porter *v.* Williams, 9 *N. Y.* 142, this court declared that a receiver appointed by the court in proceedings supplementary to execution, does not stand merely in the place of the judgment debtor, but represents the creditors, and the point was held in that case that he could maintain a suit even against the very party he thus in part represented, to wit, the debtor himself, to set aside an assignment made by such debtor in fraud of his creditors. The court, in the opinion, say, that "the plaintiff, representing the interests of the creditors, has a right to invoke the aid of the court to set aside the assignment. He stands in this respect in the same condition as the receiver of an insolvent corporation, or as an executor or administrator, and like them can assail the illegal and fraudulent acts of the debtor whose estate he has been appointed to administer."

In the case cited, the debtor himself could never have been heard to question his assignment, for, however fraudulent as to creditors, it was good between the immediate parties; and so in this case, the insurance company could have maintained no suit to recover back the dividends they had voluntarily, but in known violation of the law, paid to its stockholders. The receivers, as representing the corporation, could have maintained no such suit, and it is only, I conceive, as representing the creditors, and asserting a claim on their behalf against the fraudulent act of the corporation in paying, and the unauthorized act of the stockholder in receiving, that the plaintiffs have any *status* in court that will enable them to recover.

The set-offs claimed by the defendant are only available, and can only be set up against the plaintiffs as trustees of the insurance company, not as the trustees and representatives of

the creditors. They owed the defendant nothing, and if the suit had been in their names, it is clear that these demands could never have been pleaded as a defense or set-off in such an action. Having been enjoined from prosecuting suits on their own behalf to enforce the remedy the statute gave them, it would be a great hardship upon them to hold, that as the result of that intervention they are in a much worse condition than they would have been if the court had allowed their own actions to proceed. For if these set-offs can be made available in the suit prosecuted by the receivers, it is obvious that the result will be much less favorable to the creditors than if they had been suffered to prosecute their own actions.

The sensible and legal view of this action and the results flowing from it, is, I think, taken by the referee, that inasmuch as the acts for which this recovery is sought were frauds upon the creditors of the insolvent corporation, and the reparation sought is the restoration of these improperly abstracted funds for their benefit, the action is brought, and is only to be maintained, in the right of the creditors, and in this specific action the plaintiffs represent the creditors only. The claims advanced by the defendant grow out of transactions entirely independent of the matter in respect to which this action is prosecuted—they are not between the same parties, nor payable in the same right, nor in respect to them are the plaintiffs trustees or representatives of the body against which these claims exist.

The defendant must restore the trust funds received in violation of law and improperly withheld, and then he will be in a position to claim as a creditor of the company a participation, in common with the other creditors, in a fund realized and secured for their common benefit; but, I apprehend, not till then.

The judgment should be affirmed.

All the judges concurred in affirming the judgment.

Judgment affirmed, with costs.